The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, Arkansas 72104
Dear Senator Faris:
I am writing in response to your request, forwarded on behalf of a constituent, for an opinion on whether the candidacy of a particular employee of the Arkansas Employment Security Department, Garland County Office, for U.S. Congress would violate the federal "Hatch Act." You have forwarded a copy of a letter from your constituent stating that she had plans to announce an intention to run for United States Congress in the Fourth District, but was told by her supervisor that announcing such an intention would be a violation of the "Hatch Act." Your constituent states that she "was under the impression that [she] was not considered to be a candidate until such time as [she] filed to run for that office." She therefore poses the question of "whether or not [she] would be considered to be in violation of the Hatch Act if [she] merely states publically [sic] that [she] intend[s] to join in the Congressional race."
RESPONSE
Your constituent's letter appears to assume that the requisite federal funding is present with regard to her employment so as to trigger the applicability of the "Hatch Act" prohibitions. This is to some degree an issue of fact to be evaluated in light of her particular employment. Her question is instead focused on when the prohibition attaches. The federal statute does not speak directly to this point. As noted in an opinion of one of my predecessors, federal case law indicates that an individual may become a candidate prior to officially filing for an office and perhaps at earlier points in time, including upon publicly announcing his or her candidacy. In my opinion the answer to your constituent's question is in likelihood "yes," she would be considered to be in violation of the Hatch Act upon publicly announcing her candidacy. I must note, however, that as federal law governs the issue, federal authorities should be consulted as to the applicability of the law to any given situations.
The federal "Hatch Act" is codified at 5 U.S.C. §§ 1501- to 1508. It provides in pertinent part that:
(a) A state or local officer or employee may not —
* * *
(3) Be a candidate for elective office.
5 U.S.C. § 1502(a)(3) (emphasis added).
The federal act defines a "state or local officer or employee" as follows:
 an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency, but does not include —
 (A) an individual who exercises no functions in connection with that activity; or
 (B) an individual employed by an educational or research institution. . . .
5 U.S.C. § 1501(4) (emphasis added).
The act does not specify when a person becomes "a candidate" for elective office. One of my predecessors issued an opinion in 1989 addressing a similar question. See Op. Att'y Gen. 89-198, copy enclosed. It was stated therein that:
 The Hatch Act does not specify when an individual becomes a "candidate for elective office" for purposes of the Act's prohibition. Cases construing relevant portions of the Hatch Act suggest, however, that a violation may occur prior to the actual filing for an office. See, e.g., Smyth v. United States Civil Service Commission, 291 F.Supp. 568
(E.D. Wisc. 1968); Simmons v. Stanton, 502 F.Supp. 932 (W.D. Mich. 1980). In Simmons, the facts indicated that the individual ". . . either had formed an intention to become a candidate for local public office, or at most was seriously considering the possibility." 502 F. Supp. at 938. The Court concluded under these facts that he was not
a "candidate for elective office" under Section 1502(a)(3), where there was "no public announcement of his candidacy," the general election was to be held more than a year later, and "(h)e had not circulated or filed nominating petitions." Id. The Court stated: "The objective indications of a candidacy by the plaintiff for public office were simply not present (at the time of his discharge for alleged violation of the Hatch Act)." Id.
 This case suggests that "objective indications" short of filing for an office, such as a public announcement or the circulation of petitions, may form the basis for a violation of the Hatch Act's prohibition against being a "candidate for elective office." It appears that the question is, however, ultimately one of fact.
Op. Att'y. Gen. 89-198 at 2.
Although the applicable provisions of the U.S. Code do not appear to have changed since the rendition of the above opinion in 1989, there do appear to be some new federal regulations implementing at least some portions of the Hatch Act. The Hatch Act was amended in 1994 and 1996 to allow the federal Office of Personnel Management to adopt regulations allowing certain employees residing near the District of Columbia to participate in political activity involving municipal elections. See5 U.S.C. § 7325. These regulations have been adopted (see 5 C.F.R. 734.101
et seq.), but do not appear to apply to the facts described in your request. Nonetheless, it may be helpful, by way of analogy, to refer to the definitions provided in these regulations. Specifically, 5 C.F.R. Part 734.101 supplies a number of definitions, including the following:
 Candidate means an individual who seeks nomination or election to any elective office whether or not the person is elected. An individual is deemed to be a candidate if the individual has received political contributions or made expenditures or has consented to another person receiving contributions or making expenditures with a view to bringing about the individual's nomination or election.
This definition is provided for purposes of the provisions contained in "Part" 734 of Title 5 of the C.F.R. One of the provisions of that "Part" is one stating that "[a]n employee may not run for the nomination or as a candidate for election to partisan political office, except as specified in § 734.207." See 5 C.F.R. 734.304. Again, these regulations govern certain federal employees and permit a broader range of political activities than normally allowed under the Hatch Act.
The definition of "candidate" supplied by the above federal regulation does not apply to state employees covered by the Hatch Act. I am uncertain whether this definition would be looked to by analogy to determine the issue of when a person's candidacy commences for purposes of the Hatch Act. I will note, however, that it does not appear under any of the applicable federal law that actually filing for an office is a necessary prerequisite for one to become a "candidate." I should note, however, that because the Hatch Act is a federal law, federal authorities should be consulted to definitively address this issue. The appropriate office to contact is the Office of Special Counsel, 1730 M Street NW., Suite 300, Washington, D.C. 20036 or 1-800-854-2824.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
Enclosure